## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUX GLOBAL LABEL COMPANY, LLC, ) | Civil Action No. 2:18-cv-05061-CDJ |
| ) | |
| Plaintiff, ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| v. ) | |
| ) | |
| JAMES H. SHACKLETT, IV, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pursuant to the Court's January 23, 2019 Order, the parties submit this Stipulated Protective Order. The parties to this Stipulated Protective Order have agreed to the terms of this Order and have asked that it be entered pursuant to 18 U.S.C. § 1835. It appearing that discovery in this matter is likely to involve the disclosure of confidential information, including confidential personal information, trade secrets, sensitive competitive information, sensitive business information, personnel records, or such other sensitive commercial information that is not publicly available, the public disclosure of which would result in harm to the disclosing party, including harm to the business or competitive position of the disclosing party, there exists good cause to enter into this Stipulated Protective Order; accordingly, it is ORDERED:

**1. Scope.** All documents and other materials produced in the course of discovery, including initial disclosures, ESI, documents, tangible things, all responses to discovery requests, all deposition testimony and exhibits, all voluntary productions of information or documents, all ESI, documents, and tangible things produced by third-parties in response to subpoena, and other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall

be subject to this Order concerning confidential information as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS' EYES ONLY. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS' EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection

shall be marked CONFIDENTIAL or ATTORNEYS' EYES ONLY, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

   3. **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business information, personal information, medical or psychiatric information, trade secrets, sensitive competitive information, sensitive business information, personnel records, such other sensitive commercial information that is not publicly available, or that otherwise must be protected against disclosure to third-parties. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

   4.   **Documents Which May be Designated "ATTORNEYS' EYES ONLY".** With respect to any Confidential Information that the producing party reasonably believes contains other highly sensitive competitive or confidential information and disclosure to another party would likely result in competitive or other harm to the disclosing party, then the parties stipulate that disclosure of such documents or information such producing party shall stamp or mark such Confidential Information with the additional designation "ATTORNEYS' EYES ONLY," and disclosure of such marked documents or information shall be limited only to those persons identified in Section 6(c).

   5.   **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY, pending objection, under the terms of this Order. Additionally, a party may temporarily designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the final transcript. In such a circumstance, the parties shall review the final transcript within 21 days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. Thereafter only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

6. **Protection of Confidential Material.**

    (a) **General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    (b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(5) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

**(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.** Parties, and employees of a party to this Order whose assistance is needed by counsel for the purposes of this action;

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4) Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(5) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c) Disclosure of Documents Marked ATTORNEY-EYES ONLY.** The parties and counsel for the parties shall not disclose or permit the disclosure of any ATTORNEY EYES ONLY documents to any third person or entity except as set forth in subparagraphs (1)-(5) below:

**(1) Outside Counsel of Record.** Outside counsel of record for

the parties and employees and agents of outside counsel who have responsibility for the preparation and trial of the action;

**(2) In-House Counsel.** In-House Counsel of a party specifically designated in writing by the party whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the order by completing the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound, subject to the designating party's advance approval of such access according to the following procedure: (a) the party seeking In-House Counsel access to ATTORNEYS' EYES ONLY materials must provide the person's name and job description to the designating party, including an explanation for why access is reasonably necessary and why access does not risk competitive harm to the designating party, (ii) the designating party shall then have five business days to object (where a failure to timely object is deemed consent), and (iii) any unresolved objection may be submitted to the Court for resolution, and In-House counsel shall not be granted access to ATTORNEYS' EYES ONLY materials unless allowed by the Court or by stipulation of the parties;

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4) Parties' Agreed Upon Forensic Expert.** The parties agreed upon forensic expert, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and

{7883561 }                                              6

Agreement to Be Bound; and

**(5) Independent Consultants, Investigators, and Experts.**
Independent consultants, investigators, or experts (collectively, "Independent Expert") specially retained by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding. A person who is a current employee of a party or of a party's competitor cannot quality as an Independent Expert under this subparagraph. The right of a person to receive any ATTORNEYS' EYES ONLY documents under this subparagraph will be subject to the advance approval of disclosure to such person by the producing party or by permission of the Court. The party seeking approval of disclosure to an independent consultant, investigator, or expert must provide the producing party with the name and curriculum vitae of the proposed individual and an executed copy of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, in advance of providing any ATTORNEYS' EYES ONLY documents of the producing party to that person. Any objection by the producing party to disclosure to an Independent Expert receiving ATTORNEYS' EYES ONLY documents must be made in writing within five (5) business days following receipt of the identification of the proposed person, must be made upon counsel's good faith belief that disclosure to such person would threaten the producing party's business, and must set forth how disclosure to the proposed recipient would threaten the producing party's business. Within three (3) business days after the receipt of such writing, the party seeking approval of

disclosure to the independent person shall inform the producing party whether it intends to proceed with the disclosure to the independent person or withdraw its request for approval. If the party seeking approval does not withdraw its request for approval, the producing party may file a motion for protective order with the Court. ATTORNEYS' EYES ONLY documents may be disclosed to an independent consultant, investigator, or expert if no motion for protective order has been filed by the producing party within ten (10) business days following receipt of the identification of the proposed person. Approval of independent consultants, investigators, or experts must not be unreasonably withheld; and,

(6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(d) Notwithstanding Paragraphs (b) and Paragraph (c), a party may disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY material at a deposition, a hearing, or at trial to: (i) any employee of the producing party; (ii) any person, no longer affiliated with the producing party, who authored or received the information in whole or in part; (iii) any person who, based on evidence, is reasonably believed to have had access to or knowledge of the information before this Action was filed; (iv) a producing party's designee under Federal Rule of Civil Procedure 30(b)(6); or (v) any person for whom the producing party consents to such disclosure in writing or

orally on the record.

**(e)** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or ATTORNEY-EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(f)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(g)** **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

7.      **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

**Documents Under Seal.**     Absent a statute or an order of this Court, documents may not be filed under seal. *See* L.R.5.1.5. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Documents filed under seal shall be filed in accordance with Local Rule 5.1.5.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.

**8.  Challenges by a Party to Designation as Confidential or Attorneys' Eyes Only.**
Any CONFIDENTIAL or ATTORNEYS' EYES ONLY designation is subject to challenge by any party or non- party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the

designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

10. **Use of Confidential Documents or Information at Trial.** With respect to trial of this matter, to the extent such conferral produces agreement between the parties, the agreed-upon procedures to protect confidentiality shall be incorporated, as appropriate, into the Final Pretrial Order. Any disagreement pertaining to use of designated material at trial that cannot be resolved by conferral of counsel shall be presented for resolution by the Court, as appropriate.

11. **Obligations on Conclusion of Litigation.**

    (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b) **Return of CONFIDENTIAL or ATTORNEYS' EYES ONLY Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order, including copies as defined in ¶ 5(d), shall be

returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product and one copy of any designated material as counsel reasonably deems necessary to the proper maintenance of counsel's files with respect to this action. Such copies shall not be disclosed to anyone outside counsel's law firm. If counsel receives a subpoena for the designated material, counsel will afford the opportunity for counsel for the producing party to oppose such subpoena prior to making any disclosures. This work product and archive copy shall continue to be CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL or ATTORNEYS' EYES ONLY documents.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12. **Outside Counsel's Advice.** Nothing in this Order shall prevent or otherwise restrict outside counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of documents protected under this Order; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make

specific disclosure of any item so designated except pursuant to the provisions of this Order.

**13. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**14. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**15. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**16.    No Admissions.** Entering into, agreeing to, or producing or receiving Designated Material, or otherwise complying with the terms of this Protective Order shall not: (a) operate as an admission by any Party that any particular designated material does or does not contain or reflects trade secret, proprietary or commercially sensitive information, or any other type of confidential information; or (b) prejudice in any way the rights of any Party or nonparty to petition the Court for a further protective order, including an order that discovery not be had, for any information deserving of such additional or different protection;

*So Ordered.*

Dated: 1/30/19

_____
LYNNE A. SITARSKI
United States Magistrate Judge

**WE SO MOVE/STIPULATE
and agree to abide by the
terms of this Order**

Respectfully submitted,

**ZASHIN & RICH CO., L.P.A.**

*/s/ Stephen S. Zashin*
Stephen S. Zashin (OH #0064557)*
Ami J. Patel (OH #0078201)*
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113
Phone: (216) 696-4441
Fax: (216) 696-1618
ssz@zrlaw.com
ajp@zrlaw.com
* *admitted pro hac vice*

**COZEN O'CONNOR**
Jason A. Cabrera (PA 315804)
David Hackett (PA 80365)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: 215-665-7235
Fax: 215-701-2261
JCabrera@cozen.com
Dhackett@cozen.com

*Attorneys for Plaintiff*

Dated: January 28, 2019

**McDONALD HOPKINS**

*/s/ Matthew J. Cavanagh*
David B. Cupar (OH #0071622)*
Matthew J. Cavanagh (OH #0079522)*
600 Superior Avenue, E., Ste 2100
Cleveland, Ohio 44114
Phone: (216) 348-5400
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
* *admitted pro hac vice*

**SAUL EWING, LLP**
Alexander R. Bilus (PA 203680)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Phone: 215-972-7177
Alexander.Bilus@saul.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2019, I caused to be served a copy of the foregoing *Stipulated Protective Order* via electronic mail upon the following:

Alexander R. Bilus
PA Atty I.D. No. 203680
SAUL EWING, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(Alexander.Bilus@saul.com)

and

David B. Cupar (admitted *pro hac vice)*
Matthew J. Cavanagh (admitted *pro hac vice)*
McDonald Hopkins - Cleveland
600 Superior Avenue, E, Ste. 2100
Cleveland, OH 44114
(dcupar@mcdonaldhopkins.com; mcavanagh@mcdonaldhopkins.com)

*/s/ Stephen S. Zashin*
Stephen S. Zashin

*One of the Attorneys for Plaintiff*

## ATTACHMENT A

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUX GLOBAL LABEL COMPANY, LLC, ) | Civil Action No. 2:18-cv-05061-CDJ |
| ) | |
| Plaintiff, ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| v. ) | |
| ) | |
| JAMES H. SHACKLETT, IV, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ACKNOWLEDGMENT
### AND
### AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms

thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the

United States District Court for the Eastern District of Pennsylvania, in matters relating to the

Protective Order and understands that the terms of the Protective Order obligate him/her to use

documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or

ATTORNEY-EYES ONLY in accordance with the Order solely for the purposes of the above-

captioned action, and not to disclose any such documents or information derived directly

therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____  _____
                    Signature