UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUX GLOBAL LABEL COMPANY, LLC <br><br> Plaintiff, <br> vs. <br> JAMES H. SHACKLETT, IV, et al., <br><br> Defendants. | CASE NO. 2:18CV05061 <br><br> Judge C. Darnell Jones, II <br> Magistrate Judge Lynne Sitarski <br><br> **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF FORENSIC IMAGES AND OTHER SOURCES OF ELECTRONICALLY STORED INFORMATION ("ESI")** |

**I.    SUMMARY OF DISCOVERY DISPUTE**

Plaintiff Lux Global Label, Inc. ("Plaintiff" or "Lux") asks the Court to compel Defendants Jamie H. Shacklett, IV ("Shacklett"), CCL Industries Inc. ("CCL Industries") and CCL Tube (Wilkes Barre) Inc. ("CCL Tube") (CCL entities collectively referred to as "CCL Defendants") to produce the forensic images and data for the following devices and accounts:

1. Forensic image of Defendant Shacklett's CCL-issued laptop issued on August 15, 2017 and allegedly quarantined in 2018 ("Shacklett's CCL-issued quarantined laptop");

2. Forensic image of Defendant Shacklett's replacement CCL-issued laptop provided to Shacklett on February 23, 2018 ("Shacklett's current CCL-issued laptop");

3. Forensic image of Defendant Shacklett's CCL-issued cell phone allegedly quarantined in 2018 ("Shacklett's cell phone");

4. Forensic image of Defendant Shacklett's iTunes/iCloud account; and

5. Mirror image of Defendant Shacklett's personal email accounts (jshacklett@hotmail.com and jshacklett5@gmail.com) including all sent, received, spam and deleted folders.

1

Plaintiff requests that all forensic images be provided pursuant to the attached Forensic Image Protocol designed to protect any alleged confidential, privileged or otherwise unrelated items. [Appendix A to Proposed Order]. Plaintiff further asks the Court to permit Plaintiff additional discovery of other sources of electronically stored information ("ESI") after review of the above-referenced items and determination of where and how Defendants used Plaintiff's confidential, proprietary and trade secret information. For all other potential ESI, outside of the five items listed above, Plaintiff asks the Court to adopt a default ESI protocol used by Delaware courts and which is agreeable to Defendants.[Appendix B to Proposed Order].

Plaintiff approached Defendants about the forensic images and ESI protocol on October 1, 2019. [Ex.1, Ltr to D. Cupar 10/1/2019]. Plaintiff also sought discovery of these items in written discovery requests served upon each Defendant on October 4, 2019. [Ex.2, Email to D. Cupar 10/4/2019]. Defendants responded to Plaintiff's written discovery requests and objected to every request that related to forensic images or ESI. [Ex. 3, Excerpt of Shacklett's Discovery Responses; Ex. 4, Excerpt of CCL Industries' Discovery Responses; Ex. 5, Excerpt of CCL Tube's Discovery Responses]. Instead, Defendants invited Plaintiff to meet-and-confer over an ESI protocol. To date, the parties have not reached agreement on the scope of forensic discovery or the ESI protocol. Further, Plaintiff's last proposal on the issue remains unanswered. [Ex.6, Email from A. Patel dated 1/14/2020]. The stalemate arises from Defendants' demand that Plaintiff waive its right to seek forensic discovery of devices and accounts beyond Shacklett's CCL-issued quarantined laptop. However, Plaintiff has ample reason to believe that the confidential, proprietary and trade secret information that Shacklett took from Plaintiff and Defendants used for their benefit extend beyond Shacklett's CCL-issued quarantined laptop.

**A. Deficient Responses Regarding Sources of ESI**

In an effort to understand the potential sources of relevant ESI, Plaintiff posed interrogatories to Defendants regarding potential sources of ESI. [See Ex. 3, Shacklett's Resp. to Interrog. Nos. 4, 8 and 10; Ex. 4, CCL Industries' Resp. to Interrog. Nos. 3 through 5; Ex. 5, CCL Tube's Resp. to Interrog. No. 4]. Defendants objected and failed to provide complete and responsive information to these interrogatories and failed to provide the actual locations where relevant ESI may exist, such as CCL's databases and other email or cloud-based accounts.[1]

Plaintiff also requested information to narrowly identify highly critical locations where Shacklett placed, used and communicated about Lux's confidential, proprietary and trade secret information and discussed his transition to CCL. Specifically, Plaintiff sought forensic image and inspection of certain devices and accounts from Defendants. [See Ex. 3, Shacklett's Resp. to Request Nos. 12 through 16; Ex. 4, CCL Industries' Resp. to Request Nos. Nos. 13 through 15; Ex. 5, CCL Tube's Resp. to Requests Nos. 10 through 12]. In response to these narrowly tailored requests, Shacklett (and CCL Defendants similarly) refused to provide Plaintiff with forensic images of his CCL-issued laptops, his cell phones, his personal email accounts or any cloud-based accounts in which he placed Lux's confidential, and trade secret information.

Interestingly, in support of denying Plaintiff access to forensic images and ESI, Defendants argue that access to their documents and information, of the same kind that Defendants' misappropriated from Plaintiff, would lead to the discovery of "highly confidential, competitively- and commercially-sensitive" documents and information. Ultimately, and as

---

[1] Plaintiff sent counsel for all Defendants a letter regarding Defendants' deficient discovery responses, including those referenced in this Brief in Support, and await Defendants' response. If necessary, Plaintiff will file a motion to compel relative to Defendants' discovery responses after the parties attempt to resolve these issues. The discovery responses referenced here are to provide context to the relief sought in Plaintiff's Motion.

suggested by Defendants, the parties attempted to negotiate over the scope of forensic images and other ESI.

### B. Plaintiff's Attempt to Negotiate an Appropriate ESI Protocol

After initially approaching Defendants about forensic images and ESI on October 1, 2019 [See Ex. 1], during the parties' Rule 26(f) conference, Plaintiff proposed use of a standard Ohio protocol, which Defendants rejected. [Ex. 7, Email exchange dated 10/15/2019]. Thereafter, on October 24, 2019, Plaintiff, in an effort to resolve the dispute between the parties, proposed a more detailed protocol containing a request for forensic images of the following: 1) Shacklett's CCL-issued quarantined laptop; 2) Shacklett's current CCL-issued laptop, 3) Shacklett's iPhone, and 4) identification of other potential data sources, including the collection of and creation of mirror images of all agreed upon data sources, such as email, databases, shared files and cloud-based accounts such as Sharefile. [Ex. 8, Email Exchange dated 10/24/2019]. In response, Defendants agreed to provide only a list of files on Shacklett's CCL-issued quarantined laptop and invited Plaintiff to confer on the remaining items. [Ex. 9, Email dated 10/31/2019].

After speaking with Defense counsel on November 5, 2019, Plaintiff drafted yet another ESI protocol for Defendants' consideration. [Ex. 10, 11/5/2019 Email with attachment]. Again, Defendants rejected Plaintiff's proposal.  Ultimately, on November 13, 2019, Defendants proposed their own ESI protocol, agreeing to make a forensic copy of only Shacklett's CCL-issued quarantined laptop and to provide Plaintiff with limited aspects of that forensic image. [Ex. 11, 11/13/2019 Email with attachments]. While Plaintiff proposed revisions to Defendants' ESI protocol, Plaintiff reiterated that the parties needed to address other highly relevant sources of data, such as Shacklett's current CCL-issued laptop, cell phone, iTunes/iCloud account and personal email. [Ex. 12, Email dated 12/6/2019].

In addition, Defendants demanded that Plaintiff pay for the forensic image of Shacklett's CCL-issued quarantined laptop. Rather than directly provide the forensic image to Plaintiff's expert, Defendants demanded an explanation for each item requested and required Plaintiff to outline detailed lists that, Avalon, the third-party neutral would extract from the image. [Ex. 13, Email dated 12/14/2019]. Essentially, Defendants demanded that Avalon not only create the forensic image, but also analyze and extract certain data – a process that would create more expense than necessary.

Although Plaintiff provided the requested detailed explanations on December 21, 2019, Defendants still refused to provide access to any forensic information related to the other devices and accounts at issue and demanded that Plaintiff agree to the default Delaware Protocol for these requests. [Ex. 14, Email dated 12/21/2019; Ex. 15, Email dated 1/7/2020]. Notably, the Delaware protocol and process that Defendants demanded for the remaining Shacklett devices and accounts permits Defendants to self-search their own devices and accounts and provide only those items that Defendants themselves deem discoverable.

The cost of the complicated process that Defendants demanded for the forensic image of Shacklett's CCL-issued quarantined laptop is estimated at approximately $5,000. [Ex.16, Email dated 1/6/2020]. Initially, Plaintiff agreed to pay $2,500, half of the high end of the estimate for the CCL-issued quarantined laptop, and reserved its rights with respect to the other devices provided Defendants created mirror images of Shacklett's current CCL-issued computer, cell phones, personal email accounts and iTunes/iCloud accounts. [Ex.17, Email dated 1/9/2020 with attachment]. Defendants again refused and demanded full payment for the forensic image process that Defendants required. [Ex. 18, Email dated 1/13/2020 with attachment]. Ultimately, Plaintiff agreed to pay up to $5,000 for the forensic image, the process that Defendants required

5

with respect to Shacklett's CCL-issued quarantined laptop, and agreed to the Delaware ESI protocol with respect to the other sources of ESI such as company email accounts, servers, hard drives, and computer files, but specifically reserved its rights to address the other Shacklett devices and accounts (current CCL-issued laptop, personal email accounts and iTunes/iCloud accounts) at a later date. [Ex. 6, Email dated 1/14/2020]. Defendants never responded.

Defendants flat-out refuse to create or provide forensic images of Shacklett's current CCL-issued laptop, Shacklett's quarantined cell phone, or Shacklett's iTunes or iCloud accounts and mirror images of Shacklett's personal email accounts, all of which contain discoverable information, including but not limited to, the confidential, proprietary and trade secret information that Defendants misappropriated. Moreover, although Plaintiff agreed to Defendants' protocol, Defendants have not confirmed nor provided the forensic items that the parties agreed upon with respect to Shacklett's quarantined CCL-issued laptop.

Defendants leave Plaintiff no option but to ask for the Court's assistance in obtaining the necessary and relevant forensic images and electronic discovery. The above and attached certification from undersigned counsel demonstrates that Plaintiff has exhausted its good faith attempts to resolve this discovery dispute without the Court's assistance. [Ex. 19, Certification].

**II.   DISCOVERY STANDARD**

Fed. Civ. R. 26 provides that a party

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Pre-trial discovery is broad and "only limited upon a showing that the burden outweighs any benefit to the requesting party or upon a showing that total non-disclosure via a protective order is necessary." See *Robotic Parking v. City of Hobokon*, 2010 U.S. Dist.LEXIS 4575 (N.J. Dist. Jan. 15, 2010), citing Fed. Civ. R. 26(b)(2)(C).

### A. Requested ESI Discovery and Forensic Images are Relevant and Proportional to the Needs of the Case.

The requested forensic images and review of the devices and accounts go to the heart of Plaintiff's claims. Plaintiff asserts Defendants misappropriated its trade secrets, tortiously interfered with its business, customers and employees, and that Shacklett breached his fiduciary duty to Plaintiff.  In light of the claims, the facts so far known and Plaintiff's agreement to pay for the forensic image, Defendants cannot demonstrate that the requested items are not related to the claims and defenses in this case, their burden in providing the requested forensic images and ESI, or that the Court's already-issued protective order fails to protect Defendants' alleged privacy and confidentiality interests.

In a similar case, where the plaintiff alleged violation of trade secret law and breach of duty of loyalty, this Court granted preliminary injunction and ordered the defendants to produce forensic images of all electronic devices and emails (both personal and work-related). See *Stream Cos. v. Winward Adver.*, 2013 U.S. Dist. LEXIS 2020324 (E.D.Pa. L. Sitarski 2/7/2013) and 2013 U.S.Dist. LEXIS 202323 (E.D. Pa. C.D.Jones 2/27/2013) and subsequent order sanctioning defendants for failing to produce forensic images at 2013 U.S. Dist. LEXIS 100319 (E.D. Pa. L. Sitarski 6/17/2013). In *Stream Cos.*, the plaintiff's computer expert verified that defendants utilized thumb drives and personal email to misappropriate plaintiff's trade secrets, disclose those trade secrets to plaintiff's competitor and breach their duty of loyalty to plaintiff.

The facts as fully outlined in Plaintiff's First Amended Complaint [Doc. 5, 1st Amend. Compl.], as well as Plaintiff's briefs regarding its Preliminary Injunction Motion and Defendants' Motion to Dismiss [Docs. 3, 42, filed under seal, Doc. 49 filed under seal; Doc. 47] demonstrate the highly relevant nature of the electronic devices and accounts that are the subject of Plaintiff's request for forensic image and electronic discovery. Similar to the plaintiff in *Stream Cos.*, Plaintiff has forensic evidence from a computer expert confirming that Shacklett used a thumb drive to take Lux's confidential, proprietary business information and that Shacklett orchestrated a plan for his departure and subsequent employment with Lux's competitor, CCL, while he was still employed at Lux. [See Doc. 42, Ex. 4, Avalon Thumb Drive Inventory and Shacklett deposition transcript previously filed under seal at Doc. 50 "Shacklett Dep." 60-63]. The evidence further suggests that Shacklett utilized his personal email to communicate with CCL about his planned departure.[2] Shacklett himself admits that he placed the thumb drive on his CCL-issued laptop and accessed Plaintiff's highly confidential financial documents. [Shacklett Dep. 77; 86-94; 278-280]. Finally, Shacklett testified that he accessed and used confidential contact information of Lux's employees that he stored on his cell phone and iTunes or iCloud account. [Shacklett Dep. 99-103; 136-137].

Plaintiff's request for identification of other potential sources of discoverable sources is likewise reasonable. Plaintiff has no way of knowing what CCL systems, computers, or custodians have potentially discoverable information. So far, CCL Defendants have refused to provide any information pertaining to its own databases, servers, and files where Plaintiff's trade secret information resides.

---

[2] Indeed, the email from Geoff Martin addressed to "James" and dated July 7, 2017 does not exist on Shacklett's Lux-issued email account and Shacklett somehow received it. [JS000007 filed under seal at Doc. 49, Ex. 1].

B. **There Is Adequate Protections Over Alleged Privacy and Confidentiality Concerns.**

One of Defendants' objections to providing complete forensic images to Plaintiff's expert is based on alleged concerns over CCL's and Shacklett's confidential and private information not related to the claims or defenses in this matter. In similar circumstances, Courts have found that confidentiality orders, such as this Court's January 31, 2019 protective order [Doc. 38] are sufficient to protect those interests. See *Robotic Parking*, at *15-16. In *Robotic Parking,* the defendant argued that forensic inspection of its computer system was unwarranted and would potentially lead to the disclosure of confidential trade secret information to a competitor. The Court disagreed and found that information on the computer system was relevant to plaintiff's claims of breach of the licensing agreement and non-disclosure and non-compete agreement because plaintiff had to demonstrate that its information existed on defendants system and was still being used. The Court in *Robotic Parking* further found that a confidentiality order would protect disclosure of potential trade secret information.  As in *Robotic Parking*, the protective order protects Defendants in this matter.

C. **Defendants' Stall Tactics and Discovery Delay Should Not be Tolerated**

Since Shacklett left Plaintiff, Plaintiff has sought return of its information. To date, Defendants have returned nothing.  Specifically, in August 2017, Plaintiff asked Shacklett to return Plaintiff's information. [Doc 59, 1st Amend. Compl. ¶27].  On August 31, 2017, Plaintiff wrote to both Shacklett and CCL demanding return of its information. [Doc 59, Ex. C to Amend. Compl.].  In response, Defendants did nothing and Shacklett actually accessed Plaintiff's highly confidential financial information and downloaded employee contact information to his iCloud or iTunes account (to which he currently still has unfettered access).

9

On January 18, 2018, Plaintiff filed a lawsuit against Shacklett and CCL in the U.S. District Court of the Northern District of Ohio.[3] For the first time, Defendants admitted to having Plaintiff's information, and the Court required Defendants to image the thumb drive [See Ex. 20, Court order dated 2/7/2018 and attached certification from Defense counsel]. Again, Defendants returned nothing to Plaintiff, but simply agreed to share copies of Plaintiff's information that existed on the thumb drive. On November 21, 2018, Plaintiff re-filed a lawsuit in this Court. While Defendants agreed to a preliminary injunction over Plaintiff's records, to date, Defendants have still returned nothing and now are further preventing Plaintiff's ability to determine the locations of its misappropriated information.

If Defendants are truly arguing that they did not misappropriate Plaintiff's trade secrets and did not tortiously interfered with Plaintiff's business and employee relationships and that Shacklett did not breach his fiduciary duties, then they have nothing to hide. Moreover, Plaintiff is entitled to confirm the veracity of those defenses with evidence, not Defendants' self-serving arguments and representations. Defendants' dilatory and obstructive tactics preventing full forensic discovery and preventing the return of Plaintiff's information since 2017 suggest an ulterior motive – to prevent discovery of the truth and the full extent of Defendants' unlawful conduct.

## III. CONCLUSION

For the reasons more fully articulated above, Plaintiff asks the Court to compel the requested forensic images and production in accordance with the attached Proposed Order.

Dated: <u>February 10, 2020</u>            Respectfully submitted,

---

[3] See *Lux Global Label Co. v. Shacklett, et al* U.S. Dist.N.D. Ohio Case No. 1:18CV00138.

**ZASHIN & RICH CO., L.P.A.**

*/s/ Ami J. Patel*
Stephen S. Zashin (OH #0064557)*
Michele L. Jakubs (OH#0071037)*
Ami J. Patel (OH #0078201)*
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113
Phone: (216) 696-4441
Fax: (216) 696-1618
ssz@zrlaw.com
mlj@zrlaw.com
ajp@zrlaw.com
* *admitted pro hac vice*

**COZEN O'CONNOR**
Jason A. Cabrera (PA 315804)
David Hackett (PA 80365)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: 215-665-7235
Fax: 215-701-2261
JCabrera@cozen.com
Dhackett@cozen.com

*Attorneys for Plaintiff*

11

*<u>Proof of Service</u>*

I hereby certify that on February 10, 2020, I electronically filed the foregoing ***Plaintiff's Brief in Support of Motion to Compel Production of Forensic Images and Other Electronically Stored Information ("ESI").*** All parties will receive service of this filing through the Court's electronic filing system and electronic mail.

Alexander R. Bilus
PA Atty I.D. No. 203680
SAUL EWING, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(Alexander.Bilus@saul.com)

and

David B. Cupar (admitted *pro hac vice*)
Matthew J. Cavanagh (admitted *pro hac vice*)
McDonald Hopkins - Cleveland
600 Superior Avenue, E, Ste. 2100
Cleveland, OH 44114
(dcupar@mcdonaldhopkins.com; mcavanagh@mcdonaldhopkins.com)

*/s/ Ami J. Patel*
Ami J. Patel

*One of the Attorneys for Plaintiff*