IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUX GLOBAL LABEL COMPANY, LLC,<br>Plaintiff, | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | No.: 18-cv-5061 |
| JAMES H. SHACKLETT, IV., et al.<br>Defendants. | : <br> : | |

## MEMORANDUM

**LYNNE A. SITARSKI**                                                                                                             **April 8, 2020**
**UNITED STATES MAGISTRATE JUDGE**

      Plaintiff, Lux Global Label Company, LLC ("Plaintiff"), and Defendants CCL Industries, Inc. ("CCL Industries") and CCL Tube Wilkes-Barre ("CCL Tube" and, collectively, "Defendants") have both filed Motions to Compel. (Pl.'s Mot., ECF No. 69; Defs.' Mot., ECF No. 74). The Honorable C. Darnell Jones II referred these motions to me for disposition. (Order, ECF Nos. 71, 76). For the following reasons, Plaintiff's Motion is granted, and Defendants' Motion is granted in part and denied in part.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

      Defendant James Shacklett IV was the former Chief Operating Officer of Plaintiff. (Am. Compl., ECF No. 59, at ¶ 16). As COO, Shacklett had access to Plaintiff's confidential, strategic, and proprietary information. (*Id.* at ¶¶ 16-20). On August 2, 2017, Shacklett submitted a letter, resigning as Plaintiff's COO. (*Id.* at ¶ 21-23). Plaintiff alleges that it "discovered that in the week prior to his August 2, 2017 resignation, Defendant Shacklett surreptitiously attached an external storage device to his work computer and downloaded Lux's records and likewise attempted to delete confidential and proprietary records belong to Lux. These records included

Lux pricing lists and customer analysis, which included key contact information, customer needs and demands, market strategies and data comparisons." (*Id.* at ¶ 23). Plaintiff further alleges that after Shacklett resigned, he began working for the CCL Defendants, and that Defendants have used Plaintiff's confidential trade secret information to contact and solicit Plaintiff's customers and employees. (*Id.* at ¶¶ 24-27).

In its Amended Complaint, Plaintiff contends Defendants misappropriated its trade secrets in violation of the Trade Secrets Act, 18 U.S.C. § 1839(3) and Pennsylvania state law, (Counts I and II); tortuously interfered with business relationships in violation of Pennsylvania law, (Count III); unjustly enriched themselves, (Count VI); and conspired to misappropriate Plaintiff's trade secrets. (Count VII). (Am. Compl., ECF No. 59, at ¶¶ 37-73, 91-109). Plaintiff additionally asserts a claim against Defendant Shacklett individually for breach of fiduciary duty, good faith, and loyalty, (Count IV); and for converting its confidential and proprietary information, (Count V). (*Id.* at ¶¶ 74-90).

On November 27, 2018, Plaintiff filed a Motion for Preliminary Injunction requesting the Court order Defendants to return Plaintiff's information and enjoin Defendants from accessing and using its information. (Motion, ECF No. 3). On March 6, 2019, the Honorable C. Darnell Jones II entered a stipulated preliminary injunction order prohibiting Defendants from accessing any Enjoined Files[1] on the USB drive that Shacklett used to download Plaintiff's information or saved on any Defendants' computers or servers. (Order, ECF No. 54).

On February 10, 2020, Plaintiff filed a Motion to Compel. (Pl.'s Mot., ECF No. 69). Citing Shacklett's deposition testimony,[2] Plaintiff maintains that its information was stored and

---

[1] The Enjoined Files "are all of the files on the USB drive other than those listed on Exhibit A attached [to the Preliminary Injunction Order]." (Order, ECF No. 54, at ¶ 1; Ex. A).

[2] Plaintiff filed a Motion to Expedite Discovery, which was referred to me for

used on more of Defendants' devices and accounts than the quarantined USB drive and devices. (*Id.*). Plaintiff thus filed the instant Motion to Compel, seeking an Order compelling Defendants to produce those devices and accounts so that a neutral third-party vendor, Avalon, can generate forensic images. (*Id.*). Plaintiff also requests the Court adopt an ESI Protocol for the images, pursuant to which counsel for the parties will review certain limited data from the forensic images, and then meet-and-confer to identify and try to agree upon which files are discoverable, potentially discoverable, and not discoverable. (*Id.*; *see also* ESI Protocol, ECF No. 69-3).

On February 21, 2020, the CCL Defendants also filed a Motion to Compel, requesting the Court compel Plaintiff to provide more complete answers to interrogatories relating to damages. The CCL Defendants further requested that Plaintiff be compelled to answer a Request for Admission, arguing that the objections asserted to that Request are "invalid." (Defs.' Mot., ECF No. 74). Specifically, Defendants request Plaintiff provide more complete answers to the following:

1. CCL Industries' Interrogatory No. 10, and CCL Tube's Interrogatory Number 11:

    Identify all customers, clients or sales that Lux has lost since January 2016, correspondence with the customers or clients about these lost sales and any documents or information explaining why the customers or clients no longer provided their business to Lux.

2. CCL Industries' Interrogatory No. 11, and CCL Tube's Interrogatory Number 12:

    Identify all sales you allege to have lost as [a] result of Shacklett's alleged misappropriation of Lux's trade secrets, the customers, the names of individuals at these customers who were involved in any way with the alleged lost sales, and documents showing or supporting your allegation.

---

disposition. (Mot., ECF No. 2; Order, ECF No. 4). By Order dated January 17, 2019, I granted Plaintiff's Motion, concluding that limited focused discovery to develop a factual record was warranted for Plaintiff's then-pending Motion for Preliminary Injunction. (Order, ECF No. 24). Shacklett's deposition was taken as part of this focused discovery. (ECF No. 50-2).

3

3. Defendants' Joint Request for Admission No. 20:

> Admit that there has never been any fiduciary relationship between Lux and any CCL entity.

(Defs.' Mot., ECF No. 74, at 6-8; *see also* Defs.' Exs. D-F).

The Honorable C. Darnell Jones II referred these Motions to me for disposition. (Order, ECF Nos. 71, 76).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 governs motions to compel discovery, and "[t]he scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rule of Civil Procedure." *Brewer v. Berks Cnty. Sheriff*, No. 13-5763, 2015 WL 13620425, at *2 (E.D. Pa. Oct. 5, 2015) (quoting *Breslin v. Dickinson Twp.*, No. 09-1396, 2011 WL 1577840 (M.D. Pa. Apr. 26, 2011)). Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "Relevance in this context has been 'construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case.'" *United States ex rel. Bergman v. Abbott Labs.*, No. 09-4264, 2016 WL 4247429, at *2 (E.D. Pa. Aug. 11, 2016) (quoting *Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978)). The scope of discovery is broad, but it is not unlimited. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Discovery should not serve as a fishing expedition. *Upshaw v. Janssen Research & Development, LLC*, No. 11-7574, 2014 WL 1244047, at * 3 (E.D. Pa. Mar. 26, 2014).

When deciding a motion to compel, "[t]he moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1). If

the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information." *Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019) (quoting *Wright v. City of Philadelphia*, 2017 WL 1541516, at *1 (E.D. Pa. Apr. 28, 2017)).

**III.    DISCUSSION**

Plaintiff and Defendants both have filed Motions to Compel. (Pl.'s Mot., ECF No. 69; Defs.' Mot., ECF No. 74). I will address each in turn. Plaintiff's Motion is granted because Plaintiff has demonstrated that the discovery requests are relevant to the asserted claims and defenses and proportional to the needs of the case. Defendants' Motion is granted in part and denied in part because Defendants have shown their requested responses to interrogatories are relevant and proportional to the case. However, Defendants have failed to show that a further response to the Request for Admission is appropriate. Accordingly, for the following reasons, Plaintiff's Motion is granted, and Defendants' Motion is granted in part and denied in part.

**A.    Plaintiff's Motion to Compel**

Plaintiff requests the Court to compel Defendants to produce certain devices, and provide access to certain accounts, so that a neutral third-party vendor, Avalon, can generate forensic images. (Pl.'s Mot., ECF No. 69; Pl.'s Br., ECF No. 69-1, at 1). Specifically, Plaintiff requests: (1) Defendant Shacklett's CCL-issued laptop issued on August 15, 2017, quarantined in 2018; (2) Defendant Shacklett's replacement CCL-issued laptop provided to Shacklett on February 23, 2018; (3) Defendant Shacklett's CCL-issued cell phone quarantined in 2018; (4) Defendant

Shacklett's iTunes/iCloud account; and (5) Defendant Shacklett's personal email accounts (jshacklett@hotmail.com and jshacklett5@gmail.com) including all sent, received, spam, and deleted folders. (*Id.*). Plaintiff further requests the Court adopt an ESI Protocol, under which each party's counsel would review certain limited data from the forensic images, then meet and confer to try and agree upon which files are discoverable, potentially discoverable, and not discoverable. (*Id.*; *see also* ESI Protocol, ECF No. 69-3).

Plaintiff's Motion to Compel device production and account access is granted. The requested information "is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). First, the requested discovery is highly relevant to the claims. Plaintiff claims, *inter alia*, Defendants misappropriated its trade secrets and tortuously interfered with its business, customers, and employees. (Am. Compl., ECF No. 59, at 37-73). Plaintiff points to Shacklett's deposition testimony, where he admitted he used a thumb drive to download Plaintiff's information, accessed Plaintiff's information on his CCL-issue laptop, cell phone, and accounts. (Pl.'s Mot., ECF No. 69-1, at 8 (citing Shacklett Dep., ECF No. 50-2, at 77; 86-94; 99-103; 136-37; 278-80)). The requested discovery is clearly relevant and is the crux of Plaintiff's claims, as Plaintiff requests discovery of the devices and accounts allegedly used to commit the claimed misappropriation and tortuous interference. This requested discovery could reveal the means, methods, and extent, if any, of Defendants' use of Plaintiff's information.

Plaintiff's requested discovery is also proportional to the needs of the case. Rule 26 provides that in determining proportionality, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

26(b)(1). The issues at stake in the action are important, as Plaintiff has devoted resources to developing its trade secrets and it alleges a direct competitor has misappropriated those secrets and utilizing them to Plaintiff's substantial disadvantage by soliciting Plaintiff's customers and employees. (Am. Compl., ECF No. 59, at ¶¶ 17-109). The discovery request is proportional to the amount in controversy and the damages alleged. (*Id.* at ¶¶ 45-115). Considering the parties' relative access to information, this factor weighs in favor of Plaintiff because Defendants have access to all this information on the devices and in the accounts, Plaintiff has none. Lastly, considering the importance of the discovery in resolving the issues and whether the burden would outweigh its likely benefit, this weighs very strongly in compelling the discovery: this discovery would factor significantly in the determination of the issues, and therefore has a significant benefit because forensic images of the devices may potentially reveal the full extent and usage, if any, of Plaintiff's information.

Accordingly, Plaintiff has demonstrated its discovery requests are relevant and proportional to the needs of the case. As mentioned above, if the moving party meets this initial burden of showing the discovery falls under Rule 26(b)(1), "the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information." *Atkinson*, 414 F. Supp. 3d at 744. Defendants do not address this burden, or cite Rule 26 in their response. (Defs.' Resp., ECF No. 75). Defendants instead contend Plaintiff has failed to meet a "heightened legal standard" for this information, and also object on the grounds that their unrelated personal and business information will be revealed. (*Id.* at 5-10). There is no "heightened legal standard" at issue here, the Court looks to the Federal Rules of Civil Procedure. Rule 26 governs the scope of discovery, and the request

information falls within its parameters because it is relevant and proportional to the needs of the case, as noted above. Federal Rule of Civil Procedure 34—governing, *inter alia* "Producing . . . Electronically Stored Information"—states:

> A party may serve on any other party a request within the scope of Rule 26(b):
>
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
>> (A) any designated documents or electronically stored information . . . .

Fed. R. Civ. P. 34(a)(1)(A).

Moreover, any concerns about Defendants' unrelated personal and business information being revealed are resolved by the Protective Order in this matter, (ECF No. 38), and an appropriate ESI Protocol.

Defendants have not shown the discovery is outside the scope of Rule 26, nor demonstrated that the discovery is so marginally relevant that the burden outweighs the production. *Atkinson*, 414 F. Supp. 3d at 744; (*See* Defs.' Resp., ECF No. 75). Therefore, Plaintiff's Motion to Compel is granted. Defendants shall provide the devices, and provide access to the accounts, so that Avalon may create forensic images.

Plaintiff also requests the Court adopt an ESI Protocol for reviewing these forensic images. (Pl.'s Br., ECF No. 69-1, at 1; *see also* ESI Protocol, ECF No. 69-3). Defendant disagrees, and requests the Court impose the Default ESI Protocol for the United States District Court for the District of Delaware. (Defs.' Resp., ECF No. 75, at 1; Delaware ESI Protocol, ECF No. 69-4). Under Plaintiff's proposed ESI Protocol, each party's counsel would review certain limited data from the forensic images on an attorney's eyes-only basis, then meet and confer to

try and agree upon which files are discoverable, potentially discoverable, and not discoverable. (ESI Protocol, ECF No. 69-3). Under the Delaware Default ESI Protocol, only Defendants would review the forensic images, and then produce to Plaintiff only the information they deem discoverable. (Delaware ESI Protocol, ECF No. 69-4). Considering the circumstances of the case, I conclude Plaintiff's ESI Protocol is appropriate for examining the forensic images of the devices and accounts at issue in its Motion to Compel. Discovery and ESI production is meant to be a collaborative process; therefore, I find that the ESI Protocol which includes collaboration and joint efforts to come to agreements on discoverable, potentially discoverable, and not discoverable information is appropriate.

Accordingly, Plaintiff's Motion to Compel is granted. Further, the Court adopts Plaintiff's proposed ESI Protocol (ECF No. 69-3), which shall govern the process of reviewing the ESI.

### B. Defendants' Motion to Compel

Defendants have filed a Motion to Compel, seeking an Order compelling Plaintiff to provide complete answers to interrogatories related to damages, and compelling Plaintiff to respond to a Request for Admission. (Defs.' Mot., ECF No. 74, at 2-10). Specifically, Defendants request Plaintiff provide more complete answers to the following:

1. CCL Industries' Interrogatory No. 10, and CCL Tube's Interrogatory Number 11:

   Identify all customers, clients or sales that Lux has lost since January 2016, correspondence with the customers or clients about these lost sales and any documents or information explaining why the customers or clients no longer provided their business to Lux.

2. CCL Industries' Interrogatory No. 11, and CCL Tube's Interrogatory Number 12:

   Identify all sales you allege to have lost as [a] result of Shacklett's alleged misappropriation of Lux's trade secrets, the customers, the names of individuals at these customers who were involved in any

way with the alleged lost sales, and documents showing or supporting your allegation.

3. Defendants' Joint Request for Admission No. 20:

Admit that there has never been any fiduciary relationship between Lux and any CCL entity.

(Defs.' Mot., ECF No. 74, at 6-8; *see also* Defs.' Exs. D-F).

In Response, Plaintiff asserts its initial responses were sufficient because it identified potential customers at issue, based on its present knowledge, and provided business and financial records showing this information. (Pl.'s Resp., ECF No. 80, at 3 (citing Am. Compl., ECF No. 59, at ¶ 67) (alleging claims related to Plaintiff's customers, "including, but not limited to, Unilever and Johnson & Johnson.")). Plaintiff also responds that it "does not have the necessary and requested discovery from Defendants to evaluate and provide additional detail as to its lost business, lost opportunities and the benefit unlawfully gained by Defendants." (Pl.'s Resp., ECF No. 80, at 4). Plaintiff "agree[s] to supplement as discovery continues and when Plaintiff receives the necessary discovery from Defendants to fully respond." (*Id.* at 2).

Defendants' Motion to Compel is granted in part and denied in part. Defendants have shown that these interrogatories are relevant to the claims and defenses in this matter; namely, information related to Plaintiff's claimed lost sales, customers, and clients is directly relevant to damages. Fed. R. Civ. P. 26(b)(1). The requests are also proportional to the case, as the burden is not high to provide this information when considering the needs of the case. *Id.* Having determined that the requests are relevant and proportional, the burden then shifts to Plaintiff to show the information falls outside the scope of Rule 26 or is so marginally relevant that the burden of production outweighs the relevancy. *Atkinson*, 414 F. Supp. 3d at 744. Plaintiff has not argued that the requested information is not relevant or proportional to the needs of the case,

and in fact acknowledges that it's responses may need supplementation as discovery moves forward. (Pl.'s Resp., ECF No. 80). Accordingly, Defendants' Motion is granted, and Plaintiff shall provide more complete responses to CCL Industries' Interrogatories 10 and 11, and CCL Tube's Interrogatories 11 and 12.

Defendants' request to compel Plaintiff to answer Joint Request for Admission No. 20 is denied. Defendants request Plaintiff "[a]dmit that there has never been any fiduciary relationship between Lux and any CCL entity." (Defs.' Mot., ECF No. 74, at 9). Plaintiff originally responded "[o]bjection, the request is vague as to what is meant by 'fiduciary relationship between Lux and any CCL entity,' seeks an ultimate issue in this case and requests a legal conclusion, not facts. Without waiving the objections, Plaintiff cannot truthfully admit or deny a legal conclusion. To the extent a response is required, Plaintiff denies the statements in Request No. 20." (Defs.' Mot., Ex. F, ECF No. 74-7, at 8).

Defendants have not shown this requested information is relevant to the claims and defenses in this matter. Fed. R. Civ, P. 26(b)(1). Plaintiff has made no claim that a fiduciary relationship existed between Lux and any CCL entity. (*See* Am. Compl., ECF No. 59). Defendants recognize this in their Motion: "Count Four of Plaintiff's First Amended Complaint centers on allegations regarding the fiduciary duties it claims Mr. Shacklett owed Lux. *While this claim is only applicable to Mr. Shacklett*, CCL Industries and CCL Tube seeks to narrow the issues of this case and definitively establish that the only fiduciary relationship even being claimed is that between CCL [sic] and Mr. Shacklett." (Defs.' Mot., ECF No. 74, at 10) (emphasis added). Moreover, Defendants do not limit the request for admission to any particular time frame, or to any of the relevant parties in this matter; rather, just for "any CCL entity." (*Id.* at 9). Because Defendants' request for admission is not relevant to any party's claims or

defenses, and because the request is not limited in time or scope, Defendant's Motion to Compel further response to Joint Request for Admission No. 20 is denied.

Accordingly, Defendants' Motion is granted in part and denied in part. Defendants' request to compel more complete responses to the interrogatories is granted, and the request to compel a response to Joint Request for Admission No. 20 is denied. Following receipt of the above-mentioned ESI and discovery production from Defendants, and after the ESI Protocol is exhausted, Plaintiff will supplement its responses to the CCL Industries' Interrogatory No. 10 and CCL Tube's Interrogatory No. 11; CCL Industries Interrogatory No. 11 and CCL Tube's Interrogatory No. 12.

## IV. CONCLUSION

For the foregoing reasons, I conclude that Plaintiff has shown its discovery requests are relevant to the claims and defenses in this matter, and proportional to the needs of the case. I also conclude that Defendants have shown their interrogatory requests are relevant and proportional, but have not shown their Joint Request for Admission No. 20 is relevant to the case. Accordingly, Plaintiff's Motion is granted, and Defendants' Motion is granted in part and denied in part. The Court also adopts Plaintiff's proposed ESI Protocol docketed at ECF No. 69-3 for reviewing the discovery. An appropriate Order follows.

BY THE COURT:

   /s/ Lynne A. Sitarski       
LYNNE A. SITARSKI
United States Magistrate Judge