# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUX GLOBAL LABEL COMPANY, LLC,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **No.: 18-cv-5061** |
| | : | |
| **JAMES H. SHACKLETT, IV., et al.** | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this __8TH__ day of April, 2020, upon consideration of Plaintiff's Motion to Compel (ECF No. 69), and Defendants' Motion to Compel (ECF No. 74),[1] and the parties' respective Responses in Opposition and Replies in further support (ECF Nos. 75, 80, 83, 85), and consistent with the Memorandum issued concurrently with this Order, it is hereby **ORDERED** that Plaintiff's Motion (ECF No. 69) is **GRANTED**, and Defendants' Motion (ECF No. 74) is **GRANTED IN PART AND DENIED IN PART**.

It is hereby **FURTHER ORDERED** as follows:

1. Within twenty-one (21) days of this Order,[2] Defendants shall produce to the third-party vendor, Avalon, the following devices and access to the following accounts so that Avalon can create forensic images of the same:

    a. Defendant Shacklett's CCL-issued laptop issued on August 15, 2017, quarantined in 2018;

    b. Defendant Shacklett's replacement CCL-issued laptop provided to Shacklett on February 23, 2018;

---

[1] The Honorable C. Darnell Jones II referred these Motions to me for disposition. (Orders, ECF Nos. 71, 76).

[2] The Court recognizes and acknowledges the issues and challenges presented by the outbreak of the coronavirus disease (COVID-19). If the deadlines established in this Order are not workable, the parties shall meet and confer, and shall submit a joint proposed order setting forth a different timeline for their productions and responses.

      c.        Defendant Shacklett's CCL-issued cell phone quarantined in 2018;

      d.        Defendant Shacklett's iTunes/iCloud account; and

      e.        Defendant Shacklett's personal email accounts (jshacklett@hotmail.com and jshacklett5@gmail.com) including all sent, received, spam, and deleted folders.

2. All forensic images shall be created pursuant to industry standard and provided to each party's forensic expert, who shall maintain the forensic images under the terms of this Order:

    a.    The computer images shall be a full disk forensic image, utilizing write blocker and be in E01 or EX01 format.

    b.    The cell phone image shall be performed using Cellubrite forensic tool and must include all available extractions.

    c.    The iTunes and iCloud account images shall include all files, device backups, and information in the following databases: messages, contacts, call log, and notes, including any associated attachment folder.

    d.    The forensic image of the personal email accounts shall include all available folders, including but not limited to sent, received, spam, and deleted folders.

3. Unless otherwise modified by the Court, the Court adopts the Forensic Image ESI Protocol docketed at ECF No. 69-3 to govern the review and discovery associated with the above-outlined forensic images.[3]

4. Other than Avalon, Plaintiff's expert, and Defendants' expert, no party or person shall have access to the full forensic images of any of these devices or accounts until the Forensic Image ESI Protocol docketed at ECF No. 69-3 is exhausted.

---

[3] The Forensic Image ESI Protocol docketed at ECF No. 69-3 will apply to the forensic images and ESI addressed in this Order and the concurrently issued Memorandum. The Court makes no determination about any ESI Protocol for other discovery that is not at issue in the present Motions. To the extent any further ESI Protocol is necessary in this matter, the parties should work together to craft and agree upon an appropriate protocol.

5. Plaintiff shall be responsible for up to $5,000 in Avalon's costs for creating these forensic images. All costs exceeding $5,000 to be paid by Defendants.[4]

It is **FURTHER ORDERED** that within twenty-one (21) days of receiving the above-listed forensic images, Plaintiff shall supplement its responses to the following of Defendants' interrogatories:

1. CCL Industries, Inc.'s Interrogatory Numbers 10 and 11; and

2. CCL Tube (Wilkes-Barres), Inc.'s Interrogatory Numbers 11 and 12.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

---

[4] The responding party generally bears the costs of producing its discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) ("Under [the discovery] rules, the presumption is that the responding party must bear the expense of complying with discovery requests[.]"). However, "[t]he rules for discovery, and some case law, have long allowed a trial judge to shift the cost of pretrial discovery." *Boeynaems v. LA Fitness Intern., LLC*, 285 F.R.D. 331, 335 (E.D. Pa. 2014); *see also Oppenheimer Fund, Inc.*, 437 U.S. at 358 ("[T]he district court's discretion under [Rule of Civil Procedure 26], include[es] orders conditioning discovery on the requesting party's payment of the costs of discovery."). For ESI, cost-shifting may be appropriate when the data sought is relatively inaccessible. *See, e.g.*, *Universal Del., Inc. v. Comdata Corp.*, No. 07-1078, 2010 WL 1381225, at *8 (E.D. Pa. Mar. 31, 2010) (concluding that "[s]ome cost-shifting is appropriate . . . because the data at issue in this case is kept in an inaccessible format[.]"); *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 284 (S.D.N.Y. 2003) ("[C]ost-shifting is potentially appropriate only when inaccessible data is sought."). In its Motion and Proposed Order, Plaintiff represents it has "agreed to pay up to $5000 for the forensic image[s]." (ECF No. 69-1, at 5; ECF No. 69-2). The Court concludes that this cost-shifting is appropriate here, and Plaintiff will cover up to $5000 to obtain this relatively inaccessible data.